IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TEWODROS GASHU | § | |
| | § | |
| v. | § | NO. 4:25-CV-00484-SDJ-BD |
| | § | |
| PRESBYTERIAN HOSPITAL OF | § | |
| PLANO TEXAS, *et al.* | § | |

ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pro se plaintiff Tewodros Gashu sued seven defendants, but only two remain: Texas Health Presbyterian Hospital Plano (identified in the complaint as "Presbyterian Hospital of Plano, Texas") and Rahel Gebrewold. Dkt. 1; *see* Dkt. 31 (dismissing the other five defendants based on Gashu's failure to serve them). Gashu moved for leave to amend his complaint. Dkt. 15. The hospital moved to dismiss the claims against it for failure to state a claim, Dkt. 26; *see* Dkts. 27 (response), 28 (reply), 30 (sur-reply), 32 (impermissible additional response), and then for summary judgment on one of its affirmative defenses and on Gashu's claim against it under 42 U.S.C. § 1983, Dkt. 34; *see* Dkt. 35 (response). Gebrewold, who is proceeding pro se, did not file a motion to dismiss or for summary judgment. *See* Dkt. 22 (handwritten answer).

The court will deny Gashu's motion for leave to amend. It will recommend that the hospital's motion to dismiss be granted and that the hospital's motion for summary judgment be dismissed as moot. It will also recommend, sua sponte, that Gashu's claims against Gebrewold be dismissed.

BACKGROUND

The complaint, whose well-pleaded factual allegations are assumed to be true at this stage, alleges violations of 34 U.S.C. § 12601, 42 U.S.C. §§ 1983 and 1985, several criminal statutes, and state law, Dkt. 1 at 15–20. According to Gashu, his claims "arise[] from a decades-long pattern of systemic civil rights violations, harassment, and discriminatory conduct perpetrated by state and

municipal actors, law enforcement agencies, healthcare providers, and private individuals acting under color of law." *Id.* at 2.

Gashu alleges that, "[f]or over two decades," the "Defendants" stalked, surveilled, assaulted, harassed, defamed, and economically sabotaged him because of his race, national origin, and status as a naturalized U.S. citizen. *Id.* at 5. In his view, the perpetrators of that alleged campaign of harassment intended to "characterize [him] as a criminal, to end his life, or to facilitate [his] wrongful[] deportation." *Id.* at 7. Some of the people allegedly involved in stalking and harassing him were state employees. *Id.* at 7–8.

Gashu does not explicitly allege that the hospital, acting through one or more of its employees, stalked or harassed him. He does allege, however, that he reported such conduct and was ignored, *id.* at 4, 10, which he says indicates a conspiracy between the hospital and the other defendants to violate his privacy and civil rights, *id.* at 4.

Gashu also alleges that a person named Cecilia (or "Cicilia") King was a resident of an assisted-living facility who died in the hospital on August 26, 2005, after being admitted shortly before that date. *Id.* at 4–5. The complaint does not explain how King died, whether she is related to former defendant David King, or how either her time at the hospital or her death is related to any of Gashu's other allegations.

In a separately filed notice, Gashu filled in some of those gaps. The notice asserts that Gashu was an employee of King's assisted-living facility and that, on August 20, 2005, King slipped and fell while Gashu was helping her to the bathroom. Dkt. 29 at 1. In the moment, an on-staff doctor decided not to hospitalize King, but she was taken to the hospital after Gashu's shift ended. *Id.* at 1–2. The notice asserts that, "[d]uring and after this hospitalization, defamatory allegations began to be made against [Gashu] by certain relatives of" King. *Id.* at 2. Gashu says that he told the hospital about those allegations, but it did not act to stop them. *Id.* He also says that the broader harassment and stalking campaign began that year and implies that it was a reaction to King's death. *Id.* at 3.

2

Gashu moved for leave to amend his complaint, seeking to join the State of Texas as a defendant. Dkt. 15. But before the court ruled on that motion, it dismissed five of the defendants because Gashu failed to serve them. Dkt. 31. Gebrewold filed an answer, Dkt. 22, and the hospital moved to dismiss the complaint for failure to state a claim, Dkt. 26. Gashu responded to the motion to dismiss, arguing that he made sufficiently specific allegations that he can support with evidence. Dkt. 27. In reply, the hospital argued that Gashu's evidence, if any, is irrelevant and that his allegations are insufficiently specific. Dkt. 28. Gashu filed a sur-reply that repeated his arguments, Dkt. 30, and then filed another, identical and impermissible response to the motion to dismiss, Dkt. 32; *see* Loc. R. CV-7(f) (permitting responses, replies, and sur-replies and providing that "no further submissions on [a] motion are allowed").

The hospital also moved for summary judgment, arguing that Gashu's claims are time-barred and that, as a private entity, it is not subject to liability under § 1983. Dkt. 34. Two days later, Gashu filed a document styled "Plaintiff's objection and response to defendant's motion to dismiss." Dkt. 35. That filing duplicates Gashu's response to the motion to dismiss, Dkt. 32, and adds a section that the court will construe as a response to the motion for summary judgment, Dkt. 35 at 2–3. It argues that Gashu need not present evidence and has alleged "Concrete, Verifiable Facts." *Id.* at 3–4. The new section also asserts that Gashu "is prepared to present, through discovery and at trial, the following categories of evidence supporting his claims: . . . Material and Documentary Evidence[,] . . . Pictorial Evidence[,] . . . Governmental and Official Records[,] [and] . . . Testimonial (Human) Evidence." *Id.* at 2. But the response attaches no evidence and asserts that, "[a]t this procedural posture, the Court must accept [Gashu's] factual allegations as true and draw all reasonable inferences in [his] favor." *Id.* at 3.

## LAW

### I.  Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) requires the court to "freely give leave [to amend] when justice so requires." The court may deny leave to amend when any of five factors is present:

(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by allowing the amendment, and (5) futility of amendment. *Jack v. Evonik Corp.*, 79 F.4th 547, 564–65 (5th Cir. 2023). Whether to permit amendment is within the sound discretion of the court. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

## II. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." When considering such a motion, the court must identify and exclude legal conclusions that "are not entitled to the assumption of truth," then consider the remaining "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must accept as true all well-pleaded facts and view them in the light most favorable to the plaintiff. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). The complaint will survive the motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but a complaint must nonetheless provide more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation marks omitted). The court's scope of review under Rule 12(b)(6) is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022).

A pro se plaintiff's complaint should be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But to avoid dismissal, it must still "set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

**DISCUSSION**

### I. Gashu's Motion for Leave to Amend

Gashu's motion for leave to amend his complaint reads, in full:

> Amendment: I am asking for amendment on the active cases: 4:25:cv:00484 Tewodros Gashu V.s City of Dallas to be replaced to Tewodros Gashu V.s State of Texas. City of Dallas to be included under state of Texas compliance.

> COMPLAINT

> State of Texas ignored civil rights violations, a legal standard known as "deliberate indifference "despite being informed back-to-back for more than twenty years until these present days and time about the defendant's conspiracy against civil right and privacy violations, obstructions of justice, highly offensive character assassination and highly organized pre-sets criminal sabotages and conduct intentionally.

> Some of these Individuals work as states agent (highway Patrol), Counties employees and some of them are Retired Judge with dallas county Justice of the peace, and some of them are Lawyers and Individuals.

> The Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983, 34 U.S.C. § 12601.

Dkt. 15.

In this court, any motion for leave to file a document "should be filed separately and immediately before the document for which leave is sought." Loc. R. CV-7(k). It is unclear here whether the second half of Gashu's motion is meant to be his proposed amended complaint. Either way, granting leave is unwarranted.

If the second page of Gashu's motion, containing the document's second, third, and fourth paragraphs, is not meant to be his proposed amended complaint, the motion fails to comply with Local Rule CV-7(k). If the second page is instead his proposed amended complaint, it fails to state a claim against any defendant. *See Iqbal*, 556 U.S. at 678 (explaining that a complaint must "state a claim to relief that is plausible on its face" and that "naked assertions devoid of further factual enhancement" are insufficient) (cleaned up)); *Twombly*, 550 U.S. at 555 (explaining that a complaint must allege "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and that its factual allegations "must be enough to raise a right to

relief above the speculative level"); *Jack*, 79 F.4th at 565 (stating that leave to amend can be denied if amendment would be futile).

## II.  The Hospital's Motion to Dismiss

The hospital's motion to dismiss asserts that the complaint "lacks the necessary factual allegations to support any cause of action." Dkt. 26 at 2–3. Gashu contends that his complaint is plausible, specific, and supported by evidence. Dkt. 27 at 1–3. The hospital is correct that the complaint fails to plausibly allege any claims against it, which renders its motion for summary judgment moot.

### A.  § 1983 and § 1985 claims

Section 1983 authorizes a claim against any

> person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States].

To prove such a claim, the plaintiff must show that he was deprived of a right "under color of state law"; the statute does not reach "merely private conduct." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). For that reason, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* at 50 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

In relevant part, § 1985 makes it illegal to "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). The provision reaches "wholly private conduct" in some instances. *Griffin v. Breckenridge*, 403 U.S. 88, 103 (1971). But when, as is alleged here, the § 1985 conspiracy deprives the plaintiff of his rights under the Fourteenth Amendment, proof of "state involvement" is necessary. *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 831–33 (1983) (explaining that a conspiracy to violate First Amendment rights required state action because, like the Fourteenth Amendment, the First

Amendment cannot be violated by a private actor); Dkt. 1 at 17 (alleging that the defendants conspired to deprive Gashu of "equal protection based on his race and national origin").

Although the hospital's motion to dismiss does not mention Gashu's §§ 1983 or 1985 claims, the court may still consider whether those claims are plausibly alleged. *See Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991). According to the complaint, the hospital is "a private entity." Dkt. 1 at 4. And although a private actor's conduct may, in some instances, be "fairly attributable to the State," the plaintiff has the burden to make that showing. *James v. Asian Fam. Mkt.*, No. 2:23-cv-00212-RSL, 2024 WL 1241020, at *2 (W.D. Wash. Mar. 22, 2024) (quoting *Lugar*, 457 U.S. at 937); *see Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004). Gashu has not shown that the hospital conspired with anyone whose conduct is fairly attributable to the State. His § 1983 and § 1985 claims are therefore subject to dismissal.

### B.  § 12601 claim

Section 12601 makes it illegal for the government to "engage in a pattern or practice of conduct by law enforcement officers . . . that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 34 U.S.C. § 12601(a). But only the attorney general may sue under that statute. *Id.* § 12601(b). It does not create a private right of action, *Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014) (citing the statute before it was recodified); *Israel v. City of Syracuse*, No. 5:21-cv-0915-DNH-ML, 2021 WL 7161914, at *5 (N.D.N.Y. Dec. 9, 2021) (collecting cases), *report and recommendation adopted*, 2022 WL 18587 (N.D.N.Y. Jan. 3, 2022), so Gashu cannot sue under it.

### C.  Claims under criminal statutes

The complaint attempts to assert claims under two federal criminal statutes and a state criminal statute. Dkt. 1 at 18–20. One of the federal statutes, 18 U.S.C. § 249, makes it a crime to cause or attempt to cause bodily injury to a person because of his actual or perceived race, color, religion, national origin, gender, sexual orientation, gender identity, or disability. The other two statutes criminalize stalking. 18 U.S.C. § 2261A; Tex. Penal Code § 42.072. But as a private citizen, Gashu

7

has no power to enforce a criminal statute, *Jones v. Heuer*, No. 24-50348, 2024 WL 4481852, at *2 (5th Cir. Oct. 14, 2024), so he may not assert those claims, either.

### D. Other state-law claims

Gashu also asserts five state-law tort claims: intentional infliction of emotional distress ("IIED"), defamation, abuse of process, interference with contractual and employment relations, and ordinary and gross negligence. Dkt. 1 at 16–20. Those claims, too, should be dismissed.

Although Gashu does not delineate which claims are asserted against which defendants, he implicates the hospital in just one of them. His IIED claim is directed at the defendants who "stalk[ed] [him] through unwanted phone calls, emails, physical tracking, and public defamation" and "threat[ened] violence, systemic social sabotage, character assassination, and blocking financial and educational opportunities." *Id.* at 16. But as already noted, the only allegation Gashu levies against the hospital is that it failed to prevent the conduct of other defendants, not that it took any acts directly against him.

Gashu directs his claims for defamation, abuse of process, and interference with contractual and employment relations at former defendant David King and former defendant Collin Oaks Assisted Living through its employees. *Id.* at 17–19. Because the hospital is not implicated in those claims, it could not be liable in connection with any of them.

To support his negligence claim, Gashu alleges that the hospital negligently failed to "prevent unlawful stalking, surveillance, and defamation." *Id.* at 20. But negligence is cognizable only if the defendant owed the plaintiff a duty. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Whether a duty exists is a question of law, but "[g]enerally, 'one person is under no duty to control the conduct of another, even if he has the practical ability to exercise such control.'" *Id.* (quoting *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 308, 309 (Tex. 1983)). Absent some special relationship between the hospital and Gashu, it had no duty to protect him from harm from the other defendants. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000); 53 John J. Dvorske & David J. Lanciotti, Texas Jurisprudence § 9 (3d ed.). Gashu does not allege that he

had a relationship with the hospital at all, let alone one that would create a duty on the hospital's part. Without that, his negligence claim cannot survive.

### III. Gashu's Claims Against Gebrewold

As noted, Gebrewold, who is proceeding pro se, did not file a motion to dismiss. She did, however, file a handwritten answer in which she stated that she did not stalk, defame, or conspire against Gashu and that she has not seen him in 20 years. Dkt. 22 at 1.

"A district court may *sua sponte* dismiss a complaint for failure to state a claim if 'the procedure is fair.'" *Money v. City of San Marcos*, No. 24-50187, 2025 WL 429980, at *4 (5th Cir. Feb. 7, 2025) (quoting *Miller v. Sam Hou. State Univ.*, 986 F.3d 880, 888 (5th Cir. 2021)). "'Fairness' generally requires that the plaintiff had (1) notice of the district court's intention to dismiss the case on its own motion; and (2) an opportunity to respond and make his case." *Id.* In *Money*, the Fifth Circuit found it sufficient that a magistrate judge recommended dismissal of the plaintiffs' claims sua sponte, explaining that the report and recommendation provided adequate notice and the objection period a sufficient opportunity to respond. *Id.*; *see Davoodi v. Aus. ISD*, 755 F.3d 307, 310 n.1 (5th Cir. 2014) (noting that the Fifth Circuit has recognized that a district court may sua sponte dismiss claims without prejudice). This report and recommendation will notify Gashu of the court's intention to dismiss his claims against Gebrewold, and he will be permitted an opportunity to object to the report in the ordinary fashion that *Money* approved of.

Again, a complaint will survive only if it alleges "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Detailed factual allegations are not required, but a complaint must nonetheless provide more than labels and conclusions. *Id.* at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent" dismissal. *Taylor*, 296 F.3d at 378 (quotation marks omitted).

Gashu's complaint does not make any allegations against Gebrewold at all. The only instance in which she is mentioned is in Gashu's list of the parties, where she is identified as "an individual . . . [w]ho acted in concert [the other defendants] to stalk, defame, and harass [Gashu]." Dkt. 1 at 5.

That conclusory allegation is insufficient. A plaintiff fails to state a claim when he does not allege any facts supporting a cause of action. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016); *3212 Long Prairie Real Est. P'ship, Ltd. v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:24-cv-00612-SDJ-BD, 2026 WL 69362, at *6 (E.D. Tex. Jan. 5, 2026), *report and recommendation adopted*, 2026 WL 930583 (E.D. Tex. Apr. 6, 2026).

## IV. Opportunity to Amend

When the court dismisses a pro se complaint, the plaintiff should usually be afforded an opportunity to amend, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam), unless "the pleadings 'demonstrate that the plaintiff has pleaded his *best case*,'" *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir. 1986)). The Fifth Circuit recently reminded lower courts and litigants that even a pro se plaintiff who has had one opportunity to amend is entitled to another if "it is not clear that [he] amended his complaint with a sufficient understanding of the inadequacies in his original pleading or that he has pleaded his *best case*." *Davis v. Warren*, 173 F.4th 566, 576 (2026) (quoting *Alderson*, 848 F.3d at 424). Although Gashu's complaint fails to state a claim upon which relief can be granted, the court has not previously explained its defects, so leave to amend is warranted.

## CONCLUSION AND RECOMMENDATION

It is **ORDERED** that Gashu's motion for leave to amend, Dkt. 15, is **DENIED**.

It is **RECOMMENDED** that:

1) the hospital's motion to dismiss, Dkt. 26, be **GRANTED**;

2) the hospital's motion for summary judgment, Dkt. 34, be **DISMISSED** as moot;

3) the complaint, Dkt. 1, be **DISMISSED WITHOUT PREJUDICE**; and

4) within 14 days of the docketing of the memorandum adopting this report, if any, Gashu be permitted to file an amended complaint correcting the deficiencies identified in this report, to the extent those deficiencies can be corrected—and, if he fails to do so, the case be dismissed with prejudice.

* * *

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 14th day of July, 2026.

_____

Bill Davis
United States Magistrate Judge